## In re GLADES HEALTH CARE, LTD., Debtor.

### Bankruptcy No. 87–04372–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

July 18, 1988.

Arthur Halsey Rice, Miami, Fla., Gary J. Rotella, Ft. Lauderdale, Fla., for debtor.

Charles W. Throckmorton, Miami, Fla., for Barnett Bank Trust Co.

T.J. Del Rosso, Pahokee, Fla., Dory Burnham, West Palm Beach, Fla., Co–Trustees.

Curtis Lee Witters, Glades Health Care, Ltd., West Palm Beach, Fla., for Del Rosso.

## ORDER DENYING CONFIRMATION AND DISMISSING CASE

THOMAS C. BRITTON, Chief Judge.

■ A confirmation hearing was held April 19 and 21 in this chapter 11 case. Since the hearing, the debtor has filed a Fifth Amended Plan (CP 147). The debtor may modify its plan at any time before confirmation. 11 U.S.C. § 1127. Although this modification appears to adversely affect a party (see note 2 *infra*), in view of the conclusion I have reached with respect to the Fifth Plan, no purpose ·would be served by an further hearing under B.R. 3019 to determine whether the plan adversely affects anyone.

The debtor has complied (CP 154,155) with the Order Reserving Ruling on Confirmation (CP 127), and the U.S. Trustee has filed his Report (CP 170).

### Impaired Classes

The plan provides for five classes of claims. I agree with the U.S. Trustee's analysis that Classes IV and V are impaired by the plan. The two significant creditors in Class II, the debtor's first and second mortgagees, also claim impairment of that class (CP 108,116).[1] I agree.

The value of their collateral has been determined by this court to be $4.715 million. Their claims were liquidated by a prepetition foreclosure decree. The foreclosure sale, scheduled December 7, 1987 was thwarted by this bankruptcy, filed that day. The second mortgagee is undersecured in the amount of $342,558.

■ The plan provides for reinstatement of the foreclosed loan and resumed installment payments of the $4.715 million upon the original terms.

A class is impaired by a plan, unless it meets one of the three requirements specified in § 1124. This plan does not attempt to satisfy the third requirement, which calls for immediate cash payment.

Because the plan deprives the mortgagees of their contractual right of acceleration, which matured and was exercised before bankruptcy, the plan does not meet the first requirement, that the plan:

"leaves unaltered the legal, equitable, and contractual rights to which such

---

**1.** The remaining creditor in the class, Bank of Pahokee with a $11,500 claim does not appear to be impaired.

claim or interest entitles the holder of such claim or interest." § 1124(1).

Unless this interpretation of § 1124(1) is accepted, subparagraph (2) would serve no purpose whatsoever. Statutes should, of course, be so interpreted as to give some meaning to every provision.

The only remaining option (the second) requires that four conditions be met, the first of which is that the plan:

"cures any such default that occurred before or after the commencement of the case ... ." § 1124(2).

Deferred payments, as provided in this plan, cannot meet the requirement of this subsection, for the reasons explained in *In re Jones*, 32 B.R. 951, 959–60 (Bankr.D. Utah, 1983). As that court stated:

"Section 1124(2), like Section 1124(3), does not protect against unfair discrimination or require fair and equitable treatment. Surely Congress did not intend to permit under Section 1124(2) the same injury it prevented when it narrowed Section 1124(3)."

I find, therefore, that Classes II, IV and V are impaired by this plan.

### The Vote

■ It is undisputed that Classes II and V have rejected the plan. I now find that the remaining impaired class, Class IV, has also rejected the plan.[2]

Four creditors in class IV filed acceptances. (CP 154 at 3). The first two, Hatton and Hatton Properties, Inc., are conceded to be "insiders", as that term is defined in § 101(30), and therefore may not be counted. § 1129(a)(10).[3]

The third acceptance, by Stephen Cook bears the notation that it is to be counted only if the debtor forgoes its right to object to Cook's claim for $183,232. The debtor has stated:

"The Debtor–In–Possession contemplates the filing of a possible objection to the claim of Stephen Cook, Esquire, limited as to its amount only. Reduction of the amount of this claim by the Court will not effect [sic] acceptance by Class IV." (CP 154 at 3).

If a conditional acceptance ever constitutes acceptance, which I doubt, the condition has been rejected.

The fourth acceptance came *after* the voting deadline through the creditor's attempt to amend its timely original ballot from rejection to acceptance. The creditor election becomes meaningless unless the tally is based upon the ballots received *before* the voting deadline. I disregard the attempted amendment.

### Denial of Confirmation Under § 1129(a)(8)

■ This subsection prohibits confirmation unless each impaired class has accepted the plan. As we have just seen, none of the three impaired classes accepted this plan.

### Denial of Confirmation Under § 1129(a)(10)

This subsection prohibits confirmation unless at least one impaired class has accepted the plan. As we have just seen, no impaired class accepted this plan.

### Denial of Confirmation Under § 1129(a)(11)

This subsection prohibits confirmation unless the court can find that:

"Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed by the plan."

---

**2.** Because of this conclusion, it is not necessary to consider the fact that the debtor *after* the vote on its plan, filed its Fifth Amended Plan which reclassified Barnett's unsecured claim from Class IV (where its presence resulted in rejection of the plan) to a new Class V (where it resides alone). The apparent purpose of this amendment is an effort to meet the requirement

of § 1129(a)(10). I do not intend that my treatment of this argument made by Barnett (CP 160 at 5) be interpreted as approval of the debtor's attempted gerrymandering.

**3.** Each of these claims has been disallowed by a separate Order.

I cannot make such a finding from this record.

 The feasibility of this debtor's plan depends solely upon its ability to achieve the debtor's financial projections over the next five years. No additional capital is available.

The evidence in support of and opposing the feasibility of the debtor's projections is in sharp conflict, and it is always difficult to predict the future. It is plaintiff's burden to prove it can support its plan. It has failed to do so here.

The debtor's projections assume a substantial increase in the operating profit from the previous year's experience. The State Court receiver, who operated the facility during that period, estimates that the necessary increase exceeds $600,000 and represents almost 150%. This would be an extraordinary feat for any entity in bankruptcy after defaulting on its mortgages.

Two circumstances that led to this facility's financial distress are its almost complete dependence upon Medicaid patients, who are at best marginally profitable, and its remote location, which restricts its clientele and inflates its personnel expense. There is no indication that these circumstances, or any others affecting income or expenses, are likely to change for the better over the next five years. I see no chance that they will change to the degree necessary to achieve the fiscal miracle required by this plan.

### Denial of Cramdown Under § 1129(b)

Confirmation of a plan rejected by an impaired class (cramdown) is available only "if all of the applicable requirements of subsection (a) of [§ 1129] other than paragraph (8) are met with respect to a plan." § 1129(b)(1). Cramdown is not available here, because the plan also fails to comply with § 1129(a)(10) and (11). We need not, therefore, consider whether this debtor has met the other cramdown requirements.

### Dismissal

Barnett, the major creditor, has renewed its motion for dismissal. The case has been pending over seven months. The debtor has advanced five plans none of which has been accepted by the creditors nor is entitled to confirmation. The debtor is being burdened not only by the expense of co-trustees and the expense of its own two attorneys as well as the attorneys representing its secured creditor, but is also operating under the cloud of its bankruptcy. No end to this expensive battle is in sight.

This case is dismissed under § 1112(b)(1) and (5). Dismissal is with prejudice to the filing of any further bankruptcy petition by this debtor earlier than one year after this order becomes final.